UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE MASSEY,

    Plaintiff,

v.

    Case No:

    Hon.

GREAT LAKES WATER AUTHORITY,

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

## **COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Nicole Massey (hereinafter "Massey"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant Great Lakes Water Authority ("GLWA") states as follows:

1.    Plaintiff, Nicole Massey, is a resident of the City of Detroit, County of Wayne and State of Michigan.

2.    Defendant, GLWA is a governmental entity duly authorized to do business and operate within the Southeastern District of Michigan.

3.    Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5.    Plaintiff brings this action for damages arising out of the acts and/or omissions of

Defendants constituting unlawful discrimination/harassment consisting of sexual harassment and retaliation in violation of Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA, §37.2101, *et seq*. and the Family Medical Leave Act ("FMLA") which resulted in emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

6.   Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.   Plaintiff, Nicole Massey began her employment with Defendant, GLWA on or about January 1, 2016 having previously been employed by GLWA's predecessor Detroit Water and Sewage for fifteen years before that.

8.   During her employment with Defendant, Plaintiff was continuously berated and mocked and made fun of due to the size of her breasts.

9.   She was told that her breasts were too large and given uniform violations due to the size of her breasts.

10.   Plaintiff's breasts became a daily topic of conversation for her co-workers and supervisors and she was teased, made fun of and humiliated due to her breasts and sex.

11.   She was constantly told she needed a more supportive bra and often accused of not wearing a bra.

12.   Plaintiff complained about the harassment and discrimination to upper management who did nothing to stop or prevent the harassment and discrimination and, in fact, participated in the harassment and discrimination.

13.   The harassment and discrimination was both sexual in nature and gender specific because all of the comments were about Plaintiff's breasts which were sexual parts of Plaintiff's body and part of her gender.

14.   When Plaintiff's supervisors learned she had complained about their harassment and discrimination they began a campaign of retaliation to punish her for engaging in a

protected activity.

15. In 2017 Plaintiff was no longer able to tolerate the constant looks, stares, comments, mocking and teasing about her breasts and decided to have breast reduction surgery to make her working environment more tolerable.

16. Plaintiff went on approved FMLA leave on October 30, 2017 which was scheduled to end on November 17, 2017.

17. On November 5, 2017 Plaintiff underwent breast reduction surgery as a result of the harassment and discrimination at work.

18. The sole reason Plaintiff underwent breast reduction surgery was to stop the sex harassment and discrimination at work.

19. On November 15, 2017 Plaintiff's supervisor continued his campaign of retaliation by calling Ms. Massey who was on approved FMLA leave recovering from surgery and demanded that she return to work immediately.

20. Plaintiff's supervisor was hostile and aggressive towards her, telling her "I'm not going to be doing any more FMLA leave" in clear violation of FMLA.

21. Plaintiff returned to work the following day and she was terminated by her supervisor in retaliation for complaining about sex and gender harassment and discrimination.

22. Defendant attempted to justify Plaintiff's termination, but those attempts were clearly pretextual and the real reason she was terminated was in retaliation for her complaints.

23. The harassment and discrimination took place on a regular basis over more than a year causing a hostile and offensive work environment due to sex and Plaintiff's sex.

24. During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, _et seq_. Moreover, Defendant, GLWA is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

25.     At all times relevant, Plaintiff was acting as an employee.

26.     Defendant, through their agents, representatives and employees, were predisposed to sexually harass and discriminate against Plaintiff on the basis of her gender and acted in accordance with that predisposition.

27.     Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

28.     On November 7, 2018 the United States Department of Justice in coordination with the EEOC issued a Right to Sue letter against GLWA.

## COUNT I
## SEXUAL HARASSMENT

29.     Plaintiff incorporates by reference paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30.     Pursuant to Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon her sex.

31.     Defendant's conduct in continuously talking about Plaintiff's breasts and the size of her breasts was sexual in nature.

32.     Defendant created a hostile work environment for Plaintiff as a result of sex, Plaintiff's sex and her complaints of sexual harassment.

33.     Defendant GLWA is an employer within Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

34.     Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex by Defendant its employees and agents to the point where her status as an employee has been detrimentally affected.

35.     Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII

and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

36. Defendants and their agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in sexual harassment in the workplace;

   b. Retaliating against employees who make complaints of discrimination and harassment; and

   c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards him was unlawful.

37. Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

38. Defendant, GLWA, breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

   a. Failing to prevent or stop sexual harassment against Plaintiff causing a hostile work environment;

   b. Taking adverse employment action against Plaintiff due to her sex; and

   c. Retaliating against Plaintiff for her complaints of sexual harassment.

39. As a direct and proximate result of the actions of the Defendant, GLWA, Plaintiff was the subject of discriminatory conduct on the part of the Defendant, GLWA.

40. Because of the unlawful conduct of Defendant, GLWA, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

**COUNT II**
**GENDER/SEX DISCRIMINATION**

41. Plaintiff incorporates by reference paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon her sex/gender.

43. Plaintiff's gender as a female caused representatives and/or employees of Defendant to subject her to disparate treatment and hostility.

44. The harassment suffered by Plaintiff due to her gender had the purpose and/or effect of substantially interfering with Plaintiff's employment creating an intimidating, hostile, and offensive environment due to her gender.

45. Defendant had both actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff.

46. Despite having notice that Plaintiff was being discriminated against and harassed due to her gender, Defendant failed to take any remedial action.

47. The hostility and unwelcome treatment due to Plaintiff's gender by representatives and employees of Defendant and their failure to take any remedial action violate Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

48. Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney fees.

49. Defendant owed Plaintiff as an employee, a duty to adequately advise their employees to refrain from discriminating against employees.

50. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

51.     As a proximate result of the unwelcome treatment due to her gender by representatives and employees of Defendant because of Plaintiff's gender, and Defendant's failure to take remedial action against the conduct, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## RETALIATION

52.     Plaintiff incorporates by reference paragraphs 1 through 51 of the Complaint as though fully set forth herein.

53.     Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*., Plaintiff is guaranteed the right to be free from discrimination from his employer and/or supervisors based upon sex and her gender.

54.     Plaintiff's sex was a factor in Defendant's employment decisions.

55.     Defendant GLWA was Plaintiff's employer within the meaning of Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

56.     During the course of her employment with Defendant, GLWA Plaintiff was subjected to constant unwelcome sexual harassment creating a hostile work environment by Defendant.

57.     The sexual harassment created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

58.     Plaintiff complained to upper management of Defendant, GLWA that she was

7

being discriminated against due to her sex and that she was being subjected to a hostile work environment.

59.     Defendant GLWA had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

60.     Despite having notice of the sexual harassment and gender discrimination and conduct toward Plaintiff, Defendant GLWA failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon her gender and in retaliation for her complaints of sexual harassment and gender discrimination.

61.     The sexual harassment and gender discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

62.     As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## VIOLATION OF THE FMLA

63.     Plaintiff incorporates by reference paragraphs 1 through 62 of the Complaint as though fully set forth herein.

64.     GLWA was Plaintiff's "employer" within the meaning of the FMLA.

65. Plaintiff requested and was approved for intermittent FMLA leave to allow her to undergo breast reduction surgery in a desperate attempt to stop the harassment, discrimination and ridicule.

66. Plaintiff's medical leave was protected under FMLA and approved by the Defendant, GLWA.

67. Defendant violated the FMLA by harassing, discriminating against, and/or retaliating, including termination against the Plaintiff in significant part because she exercised rights under the FMLA, by terminating Plaintiff.

68. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

### COUNT V
### DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 2614(a)(1)

69. Plaintiff incorporates by reference paragraphs 1 through 68 of the Complaint as though fully set forth herein.

70. GLWA was Plaintiff's "employer" within the meaning of the 29 U.S.C. § 2614(a)(1).

71. "Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions", including termination.

72. Plaintiff engaged in activity protected by the FMLA when she requested and was approved for FMLA leave.

73. The FMLA leaves were approved by Defendant.

74. Defendant took adverse action against Plaintiff by requiring she return from FMLA leave early and then terminating her after she returned from FMLA leave.

75. As a result of Plaintiff asserting her right to a FMLA leave, she was subjected to adverse employment action including termination.

76. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to the following:

    a. Loss of income;

    b. Loss of fringe benefits;

    c. Emotional pain and suffering;

    d. Severe mental anguish and distress;

    e. Embarrassment and humiliation;

    f. Fright, shock, and mortification;

    g. Loss of earnings and other employment benefits; and

    h. Costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary/treble damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite
400 Bingham Farms, Michigan
48025 (248) 540-6800
sbatey@bateylaw.com

Dated: January 14, 2019

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Nicole Massey, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite
400 Bingham Farms, Michigan
48025 (248) 540-6800
sbatey@bateylaw.com

Dated: January 14, 2019