UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE MASSEY,
        Plaintiff(s),                CASE NUMBER: 19-10131

v.                                       HONORABLE AVERN COHN

GREAT LAKES WATER AUTHORITY,
        Defendant(s).
_____/

## PRETRIAL AND SCHEDULING ORDER

1. On 2/27/2019, the Court held a preliminary pretrial conference on the above case. At the conference the Court reviewed with counsel the nature of the case as well as any problems likely to be encountered during pretrial.

2. The Court also discussed the time limits for discovery and related matters and a date for the final pretrial conference and trial. Accordingly, the following dates are set.

    a. Discovery and related matters as described in Fed. R. Civ. P. 16(b) shall be completed by **8/27/2019**.

    b. Motions shall be filed by **9/30/2019**. **No discovery motions may be filed without prior consultation with the Court, which may be by conference call.**

    c. The Final Pretrial Conference will be held on **Tuesday, 12/23/2019 at 2:00 p.m.**

3. **The Court does not issue a briefing schedule for motions; the parties are expected to follow the briefing schedule set forth in the Local Rules. The**

      **Case Manager will schedule a hearing after all papers are received.** Any extension or adjournment may be only on cause shown and with the formal approval of the Court. **The Court has specific requirements for summary judgment motions. They are attached to this scheduling order.** No motions shall be filed after the final pretrial conference.

4. **No discovery motions shall be filed without the Court's approval after a telephone conference.**

5. **The requirements for the joint pretrial statement to be filed prior to the final pretrial conference are set forth in LR 16.2 Joint Final Pretrial Order.**

6. If any counsel believes a preliminary pretrial conference would further the progress of this case, resolve any problems or increase the likelihood of settlement, it may be scheduled through the Case Manager, Sakne Chami at (313) 234-5160.

7. No motion relating to discovery shall be filed until counsel has first conferred as directed by Fed. R. Civ. P. 37(a)(2)(A), and <u>has also talked to the Court, by telephone conference call and received permission to file the motion.</u>

8. The Court is available by pre-arrangement with the Deputy Clerk by conference telephone call to assist in informal resolution of discovery and other pretrial problems.

9. Attention is called to LR 26.2 relating to <u>**NOT**</u> filing discovery material

10. Attention is called to LR 5.3 relating to <u>**PAPERS FILED UNDER SEAL.**</u>

11. Attention is called to Fed. R. civ. P. 5(d) which prohibits the filing of disclosures under 26(a)(1) or 2.

12. The Court endeavors to decide pending motions promptly, ordinarily within four weeks after a hearing, or withing two weeks after the time for a response has passed without a response being filed. Complex motions or those raising novel issues may require additional time to conclude. If a motion has been pending without decision for an apparently inordinate time, counsel are asked to notify the Court's case manager by telephone or in writing (jointly if possible) as to the status of the motion. Notification is a service that is appreciated and is not viewed as inappropriate or impertinent.

SO ORDERED.

                                              s/AVERN COHN
                                              AVERN COHN
                                              United States District Judge

Dated: February 28, 2019

**NOTE:** THE COURT HAS SPECIFIC MOTION PRACTICE GUIDELINES. THEY ARE ATTACHED TO THIS SCHEDULING ORDER.

**SEE:** http://www.mied.uscourts.gov/_practices/cohn/toc.htm

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 28, 2019, by electronic and/or ordinary mail.

                                              s/Marie Verlinde
                                              Case Manager, (313) 234-5160

Revised November 07, 2012

## MOTION PRACTICE GUIDELINES

### A. Scheduling

1. Motions to dismiss may be filed at any time. Motions for summary judgment should usually be filed following the close of discovery. If additional discovery is necessary, counsel should attempt to secure a stipulation for extension from opposing counsel. If agreement cannot be reached, the party desiring the extension should contact the Court's Case Manager Sakne Chami at (313) 234-5160 for direction before filing a motion.

2. After all briefs have been filed (motion, response and reply), the case manager will generally set a date for a hearing. The dates are firm and extensions will be granted only for good cause shown. Again, counsel desiring an extension should contact the case manager.

3. In order to avoid unnecessary travel by counsel, the Court will liberally grant requests to conduct hearings by conference call. The Court will entertain any reasonable suggestion that will reduce the time, expense, and inconvenience required to resolve a case.

### B. Prompt Disposition

### C. Protective Orders

Protective orders shall not be entered routinely. In addition to the requirements under Local Rule 5.3, which are to be strictly followed, a protective order including a provision for filing a pleading, paper or exhibit, etc. under seal shall be subject to the following limitations: The entire pleading, paper, exhibit, etc. may not be filed under seal. Only the portion of the document(s) which are not to be publically disclosed may be filed under seal. In such instances, the portion to be filed under seal requires an endorsement by the Court on a cover page. A party's presentment to the Court for the endorsement shall be accompanied by an explanation why the portion of the document(s) is confidential.

### D. Briefing Guidelines

1. **Motions for Summary Judgment**

The guidelines which follow are from the Northern District of Illinois Local Rule 56.1, Motions for Summary Judgment. Copies of the Local Rule are available online at

Revised November 07, 2012

http://www.ilnd.uscourts.gov/LEGAL/NewRules/New00045.htm. For commentary, see the following article from the Chicago Bar Association: Sanil R. Harjani, Local Rule 56.1: Common Pitfalls in Preparing a Summary Judgment Statement of Facts, 16-OCT CBA Rec. 42 (Oct. 2002), available on Westlaw.

## I. REQUIREMENTS

(a) Moving Party. With each motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 the moving party shall serve and file—

   (1) any affidavits and other materials referred to in Fed.R.Civ.P. 56(e);

   (2) a supporting memorandum of law; and

   (3) a statement of material facts **(see attached example)** as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and that also includes:

      (A) a description of the parties, and
      (B) all facts supporting venue and jurisdiction in this court.

The statement referred to in (3) shall be a separate document and consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion. Absent prior leave of Court, a movant shall not file more than 80 separately-numbered statements of undisputed material fact.

If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response. All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party.

The statement and the response shall be non-argumentative, and shall not usecolor words or distort the record in a party's favor. Conclusory, speculative or conjectural statements in support of a position shall be avoided. Hearsay statements and other inadmissible evidence shall not be included.

(b) Opposing Party. Each party opposing a motion filed pursuant to Fed.R.Civ.P. 56 shall serve and file—

   (1) any opposing affidavits and other materials referred to in Fed.R.Civ.P. 56(e);

   (2) a supporting memorandum of law; and

(3) as a separate document a concise response to the movant's statement **(see attached example)** that shall contain:

(A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and

(B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

(C) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. Absent prior leave of Court, a respondent to a summary judgment motion shall not file more than 40 separately-numbered statements of additional facts. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

## II. JOINT SUBMISSION

Upon the filing of the above statement and response, the parties shall integrate the moving party's statement and the non-moving party's response in a single document **(see attached example)**, jointly submitted, so that each paragraph contains the moving party's statement and non-moving party's response. If a non-moving party files an additional statement consistent with section (b)(3)(C), and the moving party files a reply, these statements shall also be jointly submitted in a single document. Please contact the Court with any questions regarding the joint submission.

## III. REQUIREMENTS FOR EXHIBIT BOOKS AND CASE BOOKS

File EXHIBITS in a separate appendix from the brief. Use a 3 ring binder. Index and tab exhibits. Highlight relevant parts of exhibits.
Counsel are encouraged to supply the Court with copies of only their main cases. Use a 3 ring binder. Index and tab cases. Highlight relevant portions of CASES - note on the title page the relevant pages highlighted and what the case stands for. Copies of cases from the official reporter are preferred. If LEXIS or WESTLAW or another format is used, the case should be submitted in dual column format. COPIES OF CASES SHOULD NOT BE ELECTRONICALLY FILED- they are not part of the original case file but rather assist the Court. They should be delivered directly to chambers.

## IV. OTHER MOTIONS

Although these requirements are for motions for summary judgment, counsel are encouraged to follow them to the fullest extent possible for other motions, such as motions

**Revised November 07, 2012**

for entry of judgment and motions to dismiss.

Case 2:19-cv-10131-PDB-EAS  ECF No. 9  filed 04/01/19  PageID.85  Page 7 of 11

## SAMPLE - STATEMENT OF MATERIAL FACTS

## DEFENDANT'S STATEMENT OF FACTS FOR
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant XYZ, PLLC ("Defendant", "XYZ", or "the Company"), by its attorneys and pursuant to Judge Cohn's Practice Guidelines, submits the following Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

1. Plaintiff Jane Doe ("Plaintiff") claims that XYZ discriminated against her on account of her age in violation of Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101, et seq. (Docket Entry 1, Complaint ¶ 14). Plaintiff further claims that XYZ failed to provide her with a complete copy of her personnel file, in violation of Michigan's Bullard-Plawecki Employee Right to Know Act, M.C.L. § 423.501, et seq. (Docket Entry 1, Complaint ¶ 21). Jurisdiction is proper under 28 U.S.C. § 1332 (Docket Entry 1, Complaint ¶ 3).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the alleged unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Michigan, Southern Division, where XYZ regularly does business (Docket Entry 1, Complaint ¶¶ 2, 7).

3. Plaintiff (born 09/1960) was hired by Defendant on November 4, 1987, as a Cashier at Store #2272 in Warren, Michigan (Pl 9).1 Plaintiff was then promoted to Assistant Manager of Store #2272 in February 1988, and to Manager of Store #2272 in August 1988 (Pl 9).

4. Plaintiff held the Store Manager position at Store #2272 until February 15, 2010 when she was terminated after an investigation revealed that she had changed her hourly employees' punch in and punch out times, without their permission, resulting in the employees not being paid for all of the time that they worked (Pl 9-10; Ex 1). The relevant deposition transcripts are attached as Exhibits 26 to 38, and are referred to as "Name __" or "Pl __."

5. From January 2010 until her termination, Plaintiff reported directly to Richie Coleman (District Manager) (born 01/1962) and Coleman reported to Marshal Anderson (then Developmental District Manager) (born 01/1955) (Pl 36-38; Coleman 7; M. Anderson 6).

## SAMPLE - STATEMENT OF MATERIAL FACTS

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff, Jane Doe, responds to Defendant's statement of facts in support of its motion for summary judgment as follows:

1. Not controverted by Plaintiff. Deemed admitted.

2. Not controverted by Plaintiff. Deemed admitted.

3. Not controverted by Plaintiff. Deemed admitted.

4. Defendant contends Plaintiff was terminated for that reason, Plaintiff contends she was terminated because of her age. (Plaintiff's Complaint, Docket #1)

5. Coleman became District Manager January 14, 2010. (Coleman p. 13). Marshall Robinson had been District Manager for the district in which Plaintiff worked for more than one year just before she was terminated. (Pl. 36, 37).

# SAMPLE - STATEMENT OF MATERIAL FACTS

## JOINT STATEMENT OF FACTS FOR
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Jane Doe, and Defendant, XYZ, LLC ("Defendant", "XYZ", or "the Company"), by their undersigned attorneys, and pursuant to Judge Cohn's Practice Guidelines, submit the following Joint Statement of Facts for Defendant's Motion for Summary Judgment.

1. Plaintiff Jane Doe ("Plaintiff") claims that XYZ discriminated against her on account of her age in violation of Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101, et seq. (Docket Entry 1, Complaint ¶ 14). Plaintiff further claims that XYZ failed to provide her with a complete copy of her personnel file, in violation of Michigan's Bullard-Plawecki Employee Right to Know Act, M.C.L. § 423.501, et seq. (Docket Entry 1, Complaint ¶ 21). Jurisdiction is proper under 28 U.S.C. § 1332 (Docket Entry 1, Complaint ¶ 3).

   **RESPONSE**
   Not controverted by Plaintiff. Deemed admitted.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the alleged unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Michigan, Southern Division, where XYZ regularly does business (Docket Entry 1, Complaint ¶¶ 2, 7).

   **RESPONSE**
   Not controverted by Plaintiff. Deemed admitted.

3. Plaintiff (born 09/1960) was hired by Defendant on November 4, 1987, as a Cashier at Store #2272 in Warren, Michigan (Pl 9).1 Plaintiff was then promoted to Assistant Manager of Store #2272 in February 1988, and to Manager of Store #2272 in August 1988 (Pl 9).

   **RESPONSE**
   Not controverted by Plaintiff. Deemed admitted.

4. Plaintiff held the Store Manager position at Store #2272 until February 15, 2010 when she was terminated after an investigation revealed that she had changed her hourly employees' punch in and punch out times, without their permission, resulting in the employees not being paid for all of the time that they worked (Pl 9-10; Ex 1). The relevant deposition transcripts are attached as Exhibits 26 to 38, and are referred to as "Name __" or "Pl __."

## SAMPLE - STATEMENT OF MATERIAL FACTS

**RESPONSE**

Defendant contends Plaintiff was terminated for that reason, Plaintiff contends she was terminated because of her age. (Plaintiff's Complaint, Docket #1).

5. From January 2010 until her termination, Plaintiff reported directly to Richie Coleman (District Manager) (born 01/1962) and Coleman reported to Marshal Anderson (then Developmental District Manager) (born 01/1955) (Pl 36-38; Coleman 7; M. Anderson 6).

**RESPONSE**

Coleman became District Manager January 14, 2010. (Coleman p. 13). Marshall Robinson had been District Manager for the district in which Plaintiff worked for more than one year just before she was terminated. (Pl. 36, 37).