UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NATHAN, Chapter 7 Trustee
for the Bankruptcy Estate of Nicole Massey,        Case No. 19-cv-10131

                Plaintiff,        Paul D. Borman
v.        United States District Judge

GREAT LAKES WATER AUTHORITY,        Elizabeth A. Stafford
                United States Magistrate Judge
              Defendant.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION (ECF NO. 33)

### I.    INTRODUCTION

On June 9, 2020 the Court issued an Opinion and Order granting Defendant Great Lakes Water Authority (GLWA)'s Motion for Summary Judgment (ECF No. 14). (ECF No. 29.) In the Opinion and Order, the Court granted GLWA summary judgment on the plaintiff's, Kenneth Nathan as the Chapter 7 Trustee for the bankruptcy estate Nicole Massey, Title VII, FMLA, and Elliot-Larsen Civil Rights Act (ELCRA) claims. (*Id.*)

On June 22, 2020, Plaintiff filed a Motion for Reconsideration of the Court's grant of summary judgment. (ECF No. 33.) He argues that the Court committed a palpable error by (a) "relying too heavily on one snippet of Vallorie Parks-Turner's testimony, while ignoring key statements that she made," (b) finding that the alleged harassment of Nicole Massey was not "based on sex," and (c) finding no

genuine dispute of material fact on the issue of pretext for the retaliation claim. (*Id.*) These arguments do not clear the high bar for granting reconsideration because they re-hash previous arguments that the Court considered and rejected, and, even if they were correct, GLWA would still be entitled to summary judgment. The Court therefore denies the Motion for Reconsideration.

## II. STANDARD OF REVIEW

"A motion for reconsideration [or rehearing] is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). Eastern District of Michigan Local Rule 7.1(h)(3) provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Michigan Dep't of Envtl. Quality v. City of Flint*, 296 F. Supp. 3d 842, 847 (E.D. Mich. 2017).

"A motion for reconsideration [or rehearing] should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). It should not be "used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). It follows, then, that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued," *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007), and parties "may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Bank of Ann Arbor v. Everest Nat. Ins. Co*., 563 F. App'x 473, 476 (6th Cir. 2014).

### III.  ANALYSIS

Plaintiff identifies three alleged defects in the Court's Opinion: (1) the Court erred in finding that Plaintiff's Exhibit F "is not sufficiently authenticated as a complaint *received* by GLWA's H[uman] R[esources] department" because HR Generalist Vallorie Parks-Turner unequivocally stated that she saw the document; (2) the Court erred in finding that teasing related to Massey's breast size was not

"based on sex" because comments about breasts are inherently based on sex; and (3) the Court erred in finding no genuine dispute of material fact on the issue of pretext for the retaliation claim. (ECF No. 33.) Each of these arguments is unpersuasive, and, even if these three conclusions are "palpable defects," correcting them would not "result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).

First, the Court did not err in finding that Exhibit F was not sufficiently authenticated as "a complaint submitted to the HR department *during the relevant time period*" because Parks-Turner's testimony did not establish when she saw the document. (ECF No. 29, O&O, PgID 923 (emphasis added).) Parks-Turner did say "yes" when asked if it was a complaint that Massey made and handed in to GLWA, but she also stated, "I believe that Ms. Massey turned these documents starting with her union rep and then it eventually ended up in Great Lakes." (ECF No. 14-13, Parks-Turner Dep., PgID 284, 286.) She then confirmed, twice, that she saw the document. (*Id.* at 286.) This testimony is enough to find that Exhibit F "eventually" ended up in GLWA's possession, but it does not indicate that GLWA saw it before any of the events at issue in this case.

4

Regardless of its admissibility, Exhibit F does nothing to substantiate Plaintiff's claims. In the letter, Massey writes: that she believes that a 5-day suspension she received in June of 2016 was in retaliation for her negative evaluation of her supervisor, Tonya Bell; that there is a clique at the wastewater treatment plant; that she has an ongoing harassment case against Bell; that Bell denied her FMLA leave when she had an asthma attack that led to her hospitalization and when she got menstrual blood on her clothes; that she was made fun of for the menstrual blood incident; and that the Chief of Security had a supervisor check to see if she was wearing a bra—an incident that occurred in 2012 when GLWA was not her employer. (ECF No. 21-7, Exhibit F, PgID 692–95.) None of these allegations relate to her hostile environment claim about teasing about her breast-size, or to her retaliation claim related to her reports of the teasing. So, even if the Court found that Exhibit F was admissible, it would not change the result of the case.

Second, Plaintiff's second argument—that teasing about breasts is necessarily based on sex—fails because it is an attempt to "re-hash [an] old argument," and because changing the Court's finding on the based-on-sex element of the hostile environment claim would not affect the Court's finding that the

5

unreasonable-interference element was also absent. (*See* ECF No. 29, O&O, PgID 926–27 ("The Court agrees that there is no genuine issue of material fact on the based-on-sex and unreasonable-interference elements.")); *Mount Pleasant Public Schools*, 298 F. Supp. 2d at 637.

In his Response to the Motion for Summary Judgment, Plaintiff wrote that "[t]he harassment and discrimination was obviously based on her sex" because the alleged "questions, jokes, scrutiny and comments" were "about her breasts which are directly about her sex/gender." (ECF No. 21, Response, PgID 569.) This is indistinguishable from Plaintiff's argument that "[t]he comments directed to [Massey] concerning her uniform were 'sex specific' because they focused on her breasts." (ECF No. 33, Motion for Reconsideration, PgID 976.)

Furthermore, even if the Court were to conclude that the teasing about Massey's breasts "was not merely tinged with offensive sexual connotations, but actually constituted 'discrimina[tion] . . . because of . . . sex,'" that would not change the fact that Plaintiff failed to produce evidence establishing a genuine issue of material fact on the element of unreasonable interference, which is a necessary element of a prima facie case of hostile-environment harassment. *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81 (1998).

6

Third, and finally, Plaintiff's argument regarding the Court's analysis of whether GLWA's stated reason for terminating Massey was pretextual repeats the argument that Plaintiff already made in his Response to the Motion for Summary Judgment and ignores the fact that the Court found that "Plaintiff has failed to establish causation and therefore failed to establish a prima facie case of retaliation," so there was actually no need to reach the question of pretext. (ECF No. 29, O&O, PgID 942.)

Plaintiff argued, in his Response, that Massey's termination was "clearly pretextual because to terminate her for falsifying a report, Defendant would have had to show that [Massey] knew it was false and Lt. Sheard testified that he did not know what [Massey] knew." (ECF No. 21, Response, PgID 575.) Plaintiff now argues that, "[w]ithout interviewing Ms. Massey, Defendant could not have reasonably concluded that the alleged omission was due to a willful lie and not a genuine ignorance of the relevant facts," and cites Lieutenant Sheard's testimony that he did not know what Massey knew. (ECF No. 33, Motion for Reconsideration, PgID 980.) Although Plaintiff's argument, in his Motion for Reconsideration, is much more fleshed out than his prior argument, it is still the same one that the Court considered and rejected, saying "[t]he investigation could

7

have been more thorough, and especially could have been improved by interviewing Massey, but there is no evidence contradicting the conclusion that the decision-makers . . . honestly believed that Massey falsified the report." (ECF No. 29, O&O, PgID 944.) Nevertheless, this argument about pretext is irrelevant to the outcome because Plaintiff failed to produce sufficient evidence to establish a prima facie case of retaliation, so the burden never shifted to GLWA to articulate a non-retaliatory reason for Massey's termination. (*See id.* at PgID 942.)

Plaintiff has failed to identify any palpable defect in the Court's June 9, 2020 Opinion and Order—instead he has "merely present[ed] the same issues ruled upon by the court"—and he has failed to "show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). Therefore, Plaintiff's Motion for Reconsideration is denied.

### IV. CONCLUSION

The Court DENIES Plaintiff's Motion for Reconsideration. (ECF No. 33.) IT IS SO ORDERED.


Dated: July 9, 2020                          s/Paul D. Borman
                                             Paul D. Borman
                                             United States District Judge


8